NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HECTOR LINAREZ-DELGADO, : | |
| : | |
| Petitioner, : | **OPINION & ORDER** |
| : | |
| v. : | Civ. No. 09-03753 (WHW) |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |

**Walls, Senior District Judge**

      Hector Linarez-Delgado filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) for the Court to alter and amend its Order of March 28, 2011. In that Order, the Court denied Linarez-Delgado's petition for a writ of habeas corpus to vacate, set aside or correct his May 2006 sentence of 170 months for importing and conspiring to import, distribute and possess with intent to distribute ecstasy. Linarez-Delgado's motion is denied. Because the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" this case is decided without a hearing. *See* 28 U.S.C. § 2255(b).

### FACTUAL AND PROCEDURAL BACKGROUND

      The facts of this case are set out at length in the opinion denying Linarez-Delgado's petition for a writ of habeas corpus and need not be repeated here. *Linarez-Delgado v. United States*, Civ. No. 09-03753, 2011 U.S. Dist. LEXIS 32369, at *2 (D.N.J. Mar. 28, 2011).

**NOT FOR PUBLICATION**

## STANDARD OF REVIEW

A motion for reconsideration must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). The motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Murray v. Beverage Distrib. Ctr.*, Civ. No. 09-5403, 2011 U.S. Dist. LEXIS 14720, at *3 (D.N.J. Feb. 14, 2011) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)); *see also Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument.") (citation omitted); *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (It is improper for the moving party "to ask the Court to rethink what it had already thought through—rightly or wrongly.").

## DISCUSSION

Linarez-Delgado's motion is void of a new legal argument, new evidence, or assertion that the Court clearly erred in its March 2011 Order. Instead, it appears that Linarez-Delgado merely re-uses two of the three arguments he made in his original petition for a writ of habeas corpus that the Court then refused to accept: namely that his counsel: (1) failed to raise the violation of the Speedy Trial Act at trial and on appeal and (2) allowed the jury to learn the Linarez-Delgado was incarcerated during the trial. Without more, Linzarez-Delgado's motion is a hopeless attempt to try to relitigate old claims which the Court can not allow. Consequently, Linarez-Delgado's motion is denied.

**NOT FOR PUBLICATION**

## CONCLUSION

**IT IS ORDERED** that Linarez-Delgado's motion for reconsideration is DENIED.


July 27, 2011

                                                         /s/ **William H. Walls**
                                                         United States Senior District Judge