NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HECTOR LINAREZ-DELGADO, | : | |
| Petitioner, | : | **AMENDED OPINION & ORDER** |
| v. | : | Civ. No. 09-03753 (WHW) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**Walls, Senior District Judge**

  Hector Linarez-Delgado filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Linarez-Delgado seeks to vacate, set aside or correct his May 2006 sentence of 170 months for importing and conspiring to import, distribute and possess with intent to distribute ecstasy. Linarez-Delgado asserts that his Sixth and Fourteenth Amendment rights were violated as a result of his trial lawyer's ineffectiveness. Linarez-Delgado claims that his trial lawyer was ineffective because (1) he did not argue for suppression of a videotape found during a search of Linarez-Delgado's belongings; (2) he did not move to dismiss the indictment on Speedy Trial Act grounds; and (3) he allowed the jury to learn that Linarez-Delgado was incarcerated during the trial. Linarez-Delgado's petition is denied. Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" this case is decided without a hearing. *See* 28 U.S.C. § 2255(b).

1

**NOT FOR PUBLICATION**

## FACTUAL AND PROCEDURAL BACKGROUND

In late 2002, customs officers intercepted two people attempting to bring the drug ecstasy into the United States. The drug couriers implicated a man known as Sebastian as the leader of the ecstasy importation ring. An arrest warrant was issued for Sebastian. Based on their investigation, customs officers believed that Sebastian was actually Linarez-Delgado. Linarez-Delgado's name was placed on a watch list used by customs officers.

In February 2003, a customs officer stopped Linarez-Delgado when he arrived in Puerto Rico on a ferry from the Dominican Republic. The officer reviewed footage on a camcorder in Linarez-Delgado's possession, which revealed that he went by the name Sebastian. Linarez-Delgado was arrested.

Linarez-Delgado was indicted for importing and conspiring to import, distribute and possess with intent to distribute ecstasy. A jury convicted him in April 2005. In May 2006, this Court sentenced him to 170 months in prison.

## STANDARD OF REVIEW

A prisoner sentenced by a federal court who claims that his sentence was imposed in violation of the Constitution or laws of the United States may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255. To obtain collateral relief under § 2255, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

Linarez-Delgado asserts that his Sixth and Fourteenth Amendment rights were violated as a result of his trial lawyer's ineffectiveness. The Sixth Amendment provides that, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for

**NOT FOR PUBLICATION**

his defence." U.S. Const. amend. VI.  A defendant has the right not just to counsel but to "reasonably effective assistance of counsel."  *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

To prove ineffective assistance of counsel under the Sixth Amendment, a petitioner must satisfy the two-prong test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  A petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) this deficient performance prejudiced the petitioner.  *Id.* at 692.

To satisfy the first prong of the *Strickland* test, the petitioner must show that counsel's performance was deficient.  "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  *Strickland*, 466 U.S. at 690.  The defendant must provide factual evidence rather than "mere speculation" that counsel's performance at trial fell below "minimum professional standards."  *United States v. Rodgers*, 755 F.2d 533, 541 (7th Cir. 1985).  In assessing whether counsel was competent, judicial scrutiny of an attorney's performance must be highly deferential.  *See Strickland*, 466 U.S. at 689 (holding that the reviewing court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, the petitioner must "affirmatively prove" that the deficient performance prejudiced him.  This step requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 693-94.  A reasonable probability is one that is sufficient to

**NOT FOR PUBLICATION**

undermine confidence in the outcome. *Id.* at 693; *Brown v. United States*, 75 F. Supp. 2d 345, 348 (D.N.J. 1999).

Both prongs must be established in order for the petitioner to meet his burden. If either prong is not satisfied, the claim of ineffective assistance of counsel must be rejected. *See Strickland*, 466 U.S. at 697. If a lack of prejudice has already been established, "examining the deficiency prong of the test has been explicitly discouraged by the Supreme Court of the United States." *Darr v. United States*, No. 06-608, 2006 U.S. Dist. LEXIS 65518, at *8 (D.N.J Sept. 14, 2006) (citing *Strickland*, 466 U.S. at 697).

## DISCUSSION

**1. Failure to argue for suppression of a videotape found during a search of Linarez-Delgado's belongings.**

Linarez-Delgado argues that his trial counsel was ineffective because he failed to argue for the suppression of the videotape found in his possession. His argument is unavailing. Linarez-Delgado suggests that his counsel should have argued that "once agents confirmed the contents of the videotape were not illegal contraband, there was no basis to view it and listen to it in the course of a routine border search." Pet'r Mot. 5. However, Linarez-Delgado's trial counsel made a nearly identical argument in pre-trial motions. His lawyer argued that when "a border search is intrusive, taking it beyond routine, a border official may only conduct such a search upon reasonable suspicion." Def. Crim. Case Mot., ECF No. 37, at 8. He argued that the search violated the Fourth Amendment because customs officers "did not have the authority to . . . view the videotape in the absence of reasonable suspicion." *Id.*

Both this Court and the Third Circuit heard these arguments and rejected them. The Third Circuit wrote:

4

**NOT FOR PUBLICATION**

> Customs Officers exercise broad authority to conduct routine searches and seizures for which the Fourth Amendment does not require a warrant, consent, or reasonable suspicion. The Customs Officer's viewing of the videotape here was permissible as part of the key function of his job, to ensure that contraband does not enter the United States. Such searches fall within the broad authority granted to Customs Officers by statute. Data storage media and electronic equipment, such as films, computer devices, and videotapes, may be inspected and viewed during a reasonable border search.

*United States v. Linarez-Delgado*, 259 F. App'x 506, 508 (3d Cir. 2007) (citations omitted).

Section 2255 generally "may not be employed to relitigate questions which were raised and considered on direct appeal," *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (quoting *Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986)), and Linarez-Delgado states no reason why relitigation of these issues should be permitted now. Petitioner's claim for ineffective assistance of counsel for failure to argue for suppression of the videotape is denied.

**2. Failure to move to dismiss the indictment on Speedy Trial Act grounds.**

Linarez-Delgado next contends that his trial counsel was ineffective because he failed to move to dismiss the indictment on Speedy Trial Act grounds. The Speedy Trial Act of 1974 requires that a criminal defendant's trial commence within 70 days after he is charged or makes an initial appearance, whichever is later. *Bloate v. United States*, 130 S. Ct. 1345, 1349 (2010); 18 U.S.C. § 3161(c)(1). If that deadline is not met, the defendant is entitled to dismissal of the charges against him. *Bloate*, 130 S. Ct. at 1349; § 3162(a)(2). The Act, however, excludes from the 70-day period delays due to certain enumerated events. *Bloate*, 130 S. Ct. at 1349; § 3161(h).

**NOT FOR PUBLICATION**

For Linarez-Delgado, the speedy trial clock was triggered on March 28, 2003, the day of his arraignment and plea of not guilty.[1]  *See United States v. Willaman*, 437 F.3d 354, 357 (3d Cir. 2006).  Linarez-Delgado's trial did not begin until March 8, 2005, nearly two years later.[2]  Nevertheless, a review of the record reveals multiple periods of stopping the speedy trial clock due to the defendant changing lawyers at least four times, several motions, continued plea negotiations, trial preparation time, and to ensure the continuity of counsel.  Based on the continuances ordered by the Court, at most, fifty-one days of non-excludable time elapsed between arraignment and the beginning of trial.  Moreover, when the defendant's fifth attorney told the Court that the defendant protested these continuances, the Court pointedly reminded counsel that the "continuances were granted with the knowledge, and more importantly, with the consent of the defendant as represented by his counsel."  Hr'g Tr. 47, Jan. 11, 2005.

Linarez-Delgado cannot show that his counsel's failure to move for dismissal for violation of the Speedy Trial Act was ineffective because he cannot show he was prejudiced, that is, he cannot demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  Even if his attorney had made a formal motion, at most fifty-one non-excludable days elapsed; it follows that any motion would have been in vain and would not have changed the outcome of the proceeding.  Petitioner's claim for ineffective assistance of counsel for failure to seek dismissal on Speedy Trial Act grounds is denied.

---

[1] When calculating the seventy-day limit, the day of arraignment is excluded, *United States v. Richmond*, 735 F.2d 208, 211 (6th Cir. 1984), so the first day of the seventy period is March 29, 2003, the day after petitioner was arraigned.

[2] For purposes of the Speedy Trial Act a jury trial commences with the beginning of voir dire.  *Richmond*, 735 F.2d at 211.

6

**NOT FOR PUBLICATION**

      **3. Allowing the jury to learn that Linarez-Delgado was incarcerated during the trial.**

      Finally, Linarez-Delgado asserts that his trial counsel was ineffective because he allowed the jury to learn that Linarez-Delgado was incarcerated during the trial. His assertion is not supported by references to the record or trial transcripts and he does not provide any additional context. Nor does Linarez-Delgado explain when or how his lawyer allowed this to happen. The Government suggests that Linarez-Delgado's petition refers to his trial lawyer's references to his incarceration during direct examination of Linarez-Delgado. Apparently, trial counsel asked questions in an attempt to undermine the testimony of two co-conspirators who testified that the petitioner threatened them while they were housed together at the Passaic County Jail. The Government also notes that petitioner testified that he was in jail because he did not have enough money for bail.

      Even if Linarez-Delgado's attorney erred, he has not shown how the error prejudiced him. Linarez-Delgado simply states the jury was informed at his counsel's request that he was incarcerated, that there was testimony about this subject, and that this made trial counsel ineffective, but does not claim that he was prejudiced. Linarez-Delgado's failure to address the prejudice prong of *Strickland*, by itself, suffices to reject his claim. *See Hill v. Mitchell*, 400 F.3d 308, 320-21 (6th Cir. 2005).

      Nor could he show prejudice. Before his counsel raised the issue on direct examination of Linarez-Delgado, the Court permitted the testimony of his co-conspirators about threats Linarez-Delgado allegedly made while they were housed together in the Passaic County Jail. Trial Tr. 97, Mar. 14, 2005; Trial Tr. 120, Mar. 16, 2005. Trial counsel asked questions about Linarez-Delgado's incarceration in an attempt to undermine the testimony of the two co-conspirators. Trial Tr. 76-77, Apr. 4, 2005. Linarez-Delgado does not explain why this attempt

**NOT FOR PUBLICATION**

to rebut the testimony of his co-conspirators prejudiced him or would have led to a different outcome, particularly since the fact of his incarceration was revealed in the Government's case-in-chief.  Petitioner's claim for ineffective assistance of counsel for allowing the jury to learn that he was incarcerated during trial is denied.

## CONCLUSION

**IT IS ORDERED** that the petition for a writ of habeas corpus is DENIED.

**IT IS FURTHER ORDERED** because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by Section 102 of the AEDPA, 28 U.S.C. §2253(c), a Certificate of Appealability should NOT issue.


September 13, 2011

**/s/ William H. Walls**
United States Senior District Judge
